# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0004V
Filed: April 11, 2018
UNPUBLISHED

| | |
|---|---|
| JAMES CANTWELL, Parent of M.C., deceased, <br><br>               Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>               Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Koby Kirkland, Whitehurst Harkness Brees Cheng Alsaffar & Higginbotham PLLC, Austin, TX, for petitioner.*
*Ann Donohue Martin, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On January 3, 2017, James Cantwell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner sought compensation for the death of his son, M.C., on March 3, 2015, allegedly due to intussusception following a rotavirus vaccination, which was administered on February 15, 2015. Petition at 1. On July 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 25).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 3, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees in the amount of $14,457.50 and attorneys' costs in the amount of $5,618.11. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 31-5). Thus, the total amount requested is $20,075.61.

On January 12, 2018, respondent filed a response to petitioner's motion. (ECF No. 32). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for several reasons.

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008). The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009). It is the petitioner who bears the burden of adequately documenting the fees and costs. *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making

a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

The undersigned finds Mr. Kirkland billed a total of 14.8 hours for time spent on tasks which are not reimbursable[3]. These tasks include preparing his bar admission to the Court of Federal Claims, research malpractice claims, and time spend on preparing & filing corrected reports with the court. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). The undersigned therefore **reduces the requested fees by $3,401.25**.

Petitioner requests compensation for a number of tasks considered to be paralegal work and billed at an attorney rate.[4] Upon review of the billing invoices submitted, Mr. Kirkland billed 5.55 hours for work considered paralegal in nature. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of*

---

[3] Examples of these entries include: January 7, 2016 (3.5 hours) "Research whether 'relating to the vaccination' encompasses related state malpractice claim"; October 5, 2016 (0.5 hrs) "Researching admission to Court of Federal Claims; asked for reference letters; drafted letter requesting Certificate of Good Standing from Supreme Court of Texas"; October 12, 2016 (0.2 hrs) "Prepare documents for Vaccine Court admission:' and July 17, 2017 (0.3 hrs) "Totaling time spent on case to date". (ECF No. 31-3, #2, 5).

[4] For example: November 30, 2016 (0.5 hrs) "Incorporating new medical records into exhibits; re-formatting and re-numbering exhibits."; December 28, 2016 (0.6 hrs) "Checking addresses for service and filing; final arrangement before filing; saving all documents as PDFs; printing and preparing mailing to Court and HHS"; and January 4, 2017 (0.6 hrs) "Compressing exhibits' PDF file sizes". The undersigned notes that these are just a few examples of the billing entries in this claim which reflect paralegal work billed at the attorney rate. (ECF No. 31-3, 4).

*Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.,* 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).  The undersigned reduced the rate to $135 for these tasks and therefore **reduces the requested fees by $635.50**.

Petitioner requests compensation for Mr. Kirkland at the following rates; $200 per hour for work performed in 2015; $225 per hour for work billed in 2016; $250 per hour for work performed in 2017 and $275 per hour for work performed in 2018.  (ECF No. 31-3).  The undersigned finds the requested rates excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  Due to Mr. Kirkland's inexperience in the Vaccine Program, the undersigned does find cause to reduce the hourly rates to the following: $200 an hour for attorney work billed in 2015 & 2016; $215 per hour for work performed in 2017; and $225 per hour for work performed in 2018.[5] Therefore, attorneys' fees **requested are reduced by $1,249.00.**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  In sum, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above and awards petitioner attorneys' fees in **the reduced amount of $9,171.75 and costs in the amount of $5,618.11**.

**Accordingly, the undersigned awards the total of $<u>14,789.86</u>[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Koby Kirkalnd.**

---

[5] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.